IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jeanne M. Davis,                    :

       Petitioner           :       Civil No. 2:12-cv-00507
                                     Crim. No. 2:11-cr-00277
v.                                  :
                                     Judge Frost
United States of America,           :
                                     Magistrate Judge Abel
       Respondent           :

# ORDER

This matter is before the Magistrate Judge on respondent's June 20, 2012 request to hold the case in abeyance until petitioner files a written waiver of her attorney-client privilege (doc. 29). Respondent's motion is GRANTED.

Petitioner has implicitly waived the attorney-client privilege as it relates to her allegations in these habeas corpus proceeding that her attorney denied her the effective assistance of counsel:

> [I]n the habeas context, courts have found implied waiver of [the attorney-client privilege] when the petitioner "injects into [the] litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct." *Johnson v. Alabama,* 256 F.3d 1156, 1178 (11th Cir.2001). The implied waiver in habeas proceedings has typically been the result of a petitioner's assertion of his own counsel's ineffectiveness. *See id.* ("By alleging that his attorneys provided ineffective assistance of counsel in their choice of a defense strategy, [the petitioner] put at issue-and thereby waived-any privilege that might apply to the contents of his conversations with those attorneys to the

> extent those conversations bore on his attorneys' strategic choices."); *Bittaker v. Woodford,* 331 F.3d 715 (9th Cir.2003); *see also Tasby v. United States,* 504 F.2d 332, 336 (8th Cir.1974) ("When a client calls into public question the competence of his attorney, the privilege is waived.").
>
> ***
>
> To be sure, litigants cannot hide behind the privilege if they are relying upon privileged communications to make their case. "[T]he attorney-client privilege cannot at once be used as a shield and a sword." *United States v. Bilzerian,* 926 F.2d 1285, 1292 (2d Cir.1991).

*In re Lott*, 424 F.3d 446, 452-454 (6th Cir. 2005); *see also Mason v. Mitchell*, 293 F.Supp.2d 819, 823-24 (N.D. Ohio 2003).

If petitioner wants to pursue her claims of ineffective assistance of counsel, she must file a statement within **twenty-one (21) days of the date of this Order** waiving her attorney-client privilege to the extent that she challenges in the petition the decisions her attorneys made. The privilege will be waived as to all communications between Davis and her attorneys relevant to the decisions and actions of those attorneys challenged in the petition.

s/ Mark R. Abel  
United States Magistrate Judge